IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE B. HICKMAN, SR., | No. CIV S-10-2925-GEB-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DOLLY MATTEUCCE, et al., | |
| Respondents. | |
| _____/ | |

      Petitioner, a state prisoner[1] proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondents' motion to dismiss (Doc. 28).

      This action proceeds on petitioner's first amended petition in which petitioner raises four claims. First, petitioner alleges "gross negligence." Specifically, he claims that "[t]he Butte County Superior Court Judge Hon. Robert A. Glusman neglected my petition and motioning to the court for my release and a discharge." Second, petitioner claims that unnamed doctors who prepared a report to the Butte County Superior Court relating to petitioner's

---

[1] Petitioner is incarcerated pursuant to civil commitment under California's Mentally Disordered Offender Act.

continued civil commitment failed to "do a good job." Third, petitioner claims that the unnamed staff at Harper Medical Group also failed to "do a good report for my release. . . ." Fourth, petitioner asserts that he is, in fact, "in remission" and no longer a mentally disordered offender under California law.

Respondents argue that petitioner's claims are not cognizable under § 2254.[2] A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law binding on the state courts. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is not available for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. See Milton v. Wainwright, 407 U.S. 371, 377 (1972).

The court agrees with respondents that none of petitioner's claims is cognizable. As to the first claim, petitioner's assertion that the state court judge hearing his criminal case demonstrated "gross negligence" fails to raise any issue of constitutional magnitude. Specifically, petitioner does not state what he contends the state court judge did that violated a constitutional right. Similarly, as to petitioner's second and third claims, which relate to the medical reports prepared incident to petitioner's involuntary commitment, petitioner's allegation that the reports were not "good" does not implicate any constitutional right. As with the first claim, petitioner does not state in the second or third claims how the reports were not "good." Finally, as to petitioner's fourth claim that he is, in fact, not a dangerous person, petitioner fails to make any factual allegations to support this contention.

///

///

---

[2] Respondents also argue that petitioner's claims are not exhausted.

2

Based on the foregoing, the undersigned recommends that:

1. Respondents' motion to dismiss (Doc. 28) be granted; and

2. All other pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 12, 2011

_____<br>
<b>CRAIG M. KELLISON</b><br>
UNITED STATES MAGISTRATE JUDGE